UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO REQUEST JUDICIAL REMOVAL |
| - against - | |
| FELIPE GONZALEZ<br>    a/k/a Antonio De Jesus Gutierrez Then,<br>    a/k/a Felipe De Jesus Gonzalez | 20 Cr. 237 (PKC) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE IS HEREBY GIVEN TO FELIPE GONZALEZ, a/k/a Antonio De Jesus Gutierrez Then, a/k/a Felipe De Jesus Gonzalez, and to his attorney of record, Eric Franz, Esq. that upon conviction of the defendant for a violation of Title 21 United States Code, Sections 846 and 841(b)(1)(A), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:   New York, New York
         October 12, 2021

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                                  By:   *Thomas John Wright* (signature)
                                        _____
                                        Thomas John Wright
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS IN SUPPORT OF JUDICIAL REMOVAL |
| - against - | |
| FELIPE GONZALEZ, a/k/a Antonio De Jesus Gutierrez Then, a/k/a Felipe De Jesus Gonzalez | 20 Cr. 237 (PKC) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE IS HEREBY GIVEN TO FELIPE GONZALEZ, a/k/a Antonio De Jesus Gutierrez Then, a/k/a Felipe De Jesus Gonzalez, and to his attorney of record, Eric Franz, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of the Dominican Republic and a citizen of the Dominican Republic.

3. On December 22, 1999, the defendant, using the name "Felipe Gonzalez" pled guilty in the Supreme Court of the State of New York, New York County, of Criminal Sale of a Controlled Substance in the Second Degree, in violation of New York Penal Law Section 220.41.

4. On January 20, 2000, the defendant was sentenced to 69 months to life imprisonment.

5. On October 10, 2000, the immigration judge issued a removal order, ordering the defendant, under the name "Felipe De Jesus Gonzalez" removed from the United States to the

Dominican Republic.

6. On February 23, 2004, the defendant was released on early parole into ICE custody and subsequently was removed from the United States to the Dominican Republic, pursuant to the final order of removal.

7. At some point after February 23, 2004, but before March 2020, the defendant illegally entered the United States without being admitted or paroled at any time or place than as designated by the Attorney General.

8. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in this Court for the offense of Narcotics Conspiracy in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

9. A maximum sentence of life imprisonment may be imposed for this offense. A mandatory minimum term of imprisonment that may be imposed for this offense is ten years.

10. The defendant is subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an individual convicted of acts which constitute a crime involving moral turpitude; Section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an individual who has been convicted of, or who admits having committed acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance; Section 212(a)(2)(C) of the INA, 8 U.S.C. § 1182(a)(2)(C), as an individual that a consular or immigration officers knows or has reason to believe is or has been an illicit trafficker in any controlled substance or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance; section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an individual who is present in

the United States without being admitted or paroled, or who arrived in the United States at any time or place than as designated by the Attorney General; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an individual who has been ordered removed under section 235(b)(1), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to the Dominican Republic, promptly upon his satisfaction of any sentence of imprisonment, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing.

Dated:   New York, New York
         October 12, 2021

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: *Thomas John Wright*
Thomas John Wright
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF |
| - against - | <u>JUDICIAL REMOVAL</u> |
| FELIPE GONZALEZ,<br>    a/k/a Antonio De Jesus Gutierrez Then,<br>    a/k/a Felipe De Jesus Gonzalez | 20 Cr. 237 (PKC) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

FELIPE GONZALEZ, a/k/a Antonio De Jesus Gutierrez Then, a/k/a Felipe De Jesus Gonzalez, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is ANTONIO DE JESUS GUTIERREZ THEN;

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated October 12, 2021. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated October 12, 2021. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Eric Franz, Esq. After consultation with counsel and understanding the legal consequences

of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order.  I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States.  I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an individual convicted of acts which constitute a crime involving moral turpitude; Section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an individual who has been convicted of, or who admits having committed acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance; Section 212(a)(2)(C) of the INA, 8 U.S.C. § 1182(a)(2)(C), as an individual that a consular or immigration officers knows or has reason to believe is or has been an illicit trafficker in any controlled substance or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance; section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an individual who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place than as designated by the Attorney General; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an individual who has been ordered removed under section 235(b)(1), section 240, or any other provision of law, and who enters or attempts to reenter the

United States without being admitted.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in and have no present fear of persecution in the Dominican Republic, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in and have no present fear of torture in the Dominican Republic, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any

other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal.  I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States.  I agree that I will not enter, attempt to enter, or transit thorough the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

_____       _____
Date                                             Defendant's Signature


_____       _____
Date                                             Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against - | |
| FELIPE GONZALEZ,<br>    a/k/a Antonio De Jesus Gutierrez Then,<br>    a/k/a Felipe De Jesus Gonzalez | 20 Cr. 237 (PKC) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:    New York, New York
          October 12, 2021

_____
William P. Joyce
Acting Field Office Director
United States Immigration and
Customs Enforcement
Enforcement and Removal Operations

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FELIPE GONZALEZ,
    a/k/a Antonio De Jesus Gutierrez Then,
    a/k/a Felipe De Jesus Gonzalez

        Defendant.

ORDER OF
JUDICIAL REMOVAL

20 Cr. 237 (PKC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Upon the application of the United States of America, by Thomas John Wright, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of FELIPE GONZALEZ, a/k/a Antonio De Jesus Gutierrez Then, a/k/a Felipe De Jesus Gonzalez, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.    The defendant is not a citizen or national of the United States.

2.    The defendant is a native of the Dominican Republic and a citizen of the Dominican Republic.

3.    On December 22, 1999, the defendant, using the name "Felipe Gonzalez" pled guilty in the Supreme Court of the State of New York, New York County, of Criminal Sale of a Controlled Substance in the Second Degree, in violation of New York Penal Law Section 220.41.

4.    On January 20, 2000, the defendant was sentenced to 69 months to life imprisonment.

5. On October 10, 2000, the immigration judge issued a removal order, ordering the defendant, under the name "Felipe De Jesus Gonzalez" removed from the United States to the Dominican Republic.

6. On February 23, 2004, the defendant was released on early parole into ICE custody and subsequently was removed from the United States to the Dominican Republic, pursuant to the final order of removal.

7. At some point after February 23, 2004, but before March 2020, the defendant illegally entered the United States without being admitted or paroled at any time or place than as designated by the Attorney General.

8. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in this Court for the offense of Narcotics Conspiracy in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

9. A maximum sentence of life imprisonment may be imposed for this offense. A mandatory minimum term of imprisonment that may be imposed for this offense is ten years.

10. The defendant is subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an individual convicted of acts which constitute a crime involving moral turpitude; Section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an individual who has been convicted of, or who admits having committed acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance; Section 212(a)(2)(C) of the INA, 8 U.S.C. § 1182(a)(2)(C), as an individual that a consular or immigration officers knows or has reason to believe is or has been an illicit trafficker in any controlled substance or has been a knowing assister,

abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance; section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an individual who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place than as designated by the Attorney General; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an individual who has been ordered removed under section 235(b)(1), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

11. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

12. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to the Dominican Republic.

Dated:   New York, New York
         _____, 2021

         _____
         THE HONORABLE P. KEVIN CASTEL
         UNITED STATES DISTRICT JUDGE