UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

FELIPE GONZALEZ,
    a/k/a Antonio De Jesus Gutierrez Then,
    a/k/a Felipe De Jesus Gonzalez

                  Defendant.

------------------------------X

ORDER OF
JUDICIAL REMOVAL

20 Cr. 237 (PKC)

      Upon the application of the United States of America, by Thomas John Wright, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of FELIPE GONZALEZ, a/k/a Antonio De Jesus Gutierrez Then, a/k/a Felipe De Jesus Gonzalez, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

    1.    The defendant is not a citizen or national of the United States.

    2.    The defendant is a native of the Dominican Republic and a citizen of the Dominican Republic.

    3.    On December 22, 1999, the defendant, using the name "Felipe Gonzalez" pled guilty in the Supreme Court of the State of New York, New York County, of Criminal Sale of a Controlled Substance in the Second Degree, in violation of New York Penal Law Section 220.41.

    4.    On January 20, 2000, the defendant was sentenced to 69 months to life imprisonment.

5.       On October 10, 2000, the immigration judge issued a removal order, ordering the defendant, under the name "Felipe De Jesus Gonzalez" removed from the United States to the Dominican Republic.

6.       On February 23, 2004, the defendant was released on early parole into ICE custody and subsequently was removed from the United States to the Dominican Republic, pursuant to the final order of removal.

7.       At some point after February 23, 2004, but before March 2020, the defendant illegally entered the United States without being admitted or paroled at any time or place than as designated by the Attorney General.

8.       At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in this Court for the offense of Narcotics Conspiracy in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

9.       A maximum sentence of life imprisonment may be imposed for this offense.  A mandatory minimum term of imprisonment that may be imposed for this offense is ten years.

10.      The defendant is subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an individual convicted of acts which constitute a crime involving moral turpitude; Section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an individual who has been convicted of, or who admits having committed acts which constitute the essential elements of, a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance; Section 212(a)(2)(C) of the INA, 8 U.S.C. § 1182(a)(2)(C), as an individual that a consular or immigration officers knows or has reason to believe is or has been an illicit trafficker in any controlled substance or has been a knowing assister,

abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance; section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an individual who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place than as designated by the Attorney General; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an individual who has been ordered removed under section 235(b)(1), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

11. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

12. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to the Dominican Republic.

Dated:   New York, New York
         _____, 2021
         2-22-22

THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE